CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 10 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GREGORY A. RICHARDSON, #223152,<br>Plaintiff, | Civil Action No. 7:06-cv-00181 |
| v. | **MEMORANDUM OPINION** |
| JOHN DOE, CIRCUIT COURT JUDGE, et al.,<br>Defendants. | By: James C. Turk<br>Senior United States District Judge |

Gregory A. Richardson, a Virginia prisoner proceeding pro se, brings this action as a civil rights complaint under 42 U.S.C. §1983, with jurisdiction vested pursuant to 28 U.S.C. § 1343. Richardson also submits an application to proceed in forma pauperis, pursuant to 28 U.S.C. §1915(a). In his complaint, Richardson alleges that a judge and clerk violated his rights related to a Virginia state court action, that the Assistant Attorney General representing the state in that case filed false evidence, and that the Virginia Parole Board violated his constitutional rights by failing to provide due process during his 2005 parole revocation hearing and by increasing his term of confinement. For reasons stated below, the court denies Richardson's motion to proceed in forma pauperis and dismisses this action without prejudice, pursuant to 28 U.S.C. §1915(g).

Enacted as part of the Prison Litigation Reform Act of 1996, 18 U.S.C. §1915(g) provides that a prisoner may not bring a civil action without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

After review of court records, the court finds that the following civil actions or appeals filed by Richardson have been dismissed for the failure to state a claim upon which relief may be granted: Richardson v. Lee, Civil Action No. 7:99-cv-00505 (W.D. Va. Aug. 6, 1999); Richardson v. Lee,

No. 99-7107, CA-99-505 (4th Cir. Oct. 27, 1999); and <u>Richardson v. Lee, et al.</u>, 7:99-cv-00675 (W.D.Va. Sept. 24, 1999). As Richardson has accumulated three strikes, he may not proceed with this action without prepaying the $250.00 filing fee[1] or demonstrating that he is "under imminent danger of serious physical injury." §1915(g).

The court cannot find that plaintiff has alleged facts indicating that he is in any imminent danger of serious physical harm arising from the defendants' alleged violations.[2] Therefore, the court finds that Richardson has not met the requisite showing of imminent physical harm under §1915(g) so as to qualify to proceed without prepayment of the filing fee as to any of his claims in this civil action. Accordingly, the court denies Richardson's application to proceed <u>in forma pauperis</u>. As plaintiff has failed to pay the $250.00 filing fee, this action will be filed and dismissed, pursuant to §1915(g).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

---

[1] The filing fee for civil actions in federal court increased from $150.00 to $250.00, effective February 7, 2005.

[2] It may be that Richardson has some actionable habeas claims related to his parole revocation hearing and/or calculation of his current term of confinement. In this action, however, he does not indicate that he has presented either of these claims to the Supreme Court of Virginia as required for exhaustion of state court remedies, pursuant to 28 U.S.C. § 2254(b). Therefore, the court will not construe his current pleading as a § 2254 habeas petition. Richardson is hereby advised that his time to file such a petition may be limited, that this court cannot consider his habeas claims until he has presented them to the Supreme Court of Virginia and received a ruling from that court, and that he generally has one year from the time of the parole proceedings (minus any time when state court proceedings were pending) in which to file a federal habeas petition. <u>See</u> 28 U.S.C. § 2244(d).

2

An order in accordance with this Memorandum Opinion will be entered this day.

ENTER: This 10th day of April, 2006.

*/s/ James C. Turk*
Senior United States District Judge

3